IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,709






EX PARTE MARK GREEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-10-904077-B IN THE 299TH JUDICIAL DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest
and sentenced to six years' imprisonment. 

 Applicant contends that his appellate counsel rendered ineffective assistance because he
failed to timely file a notice of appeal. Trial counsel have provided affidavits indicating that they
believed that appellate counsel had already been appointed, and that they therefore did not believe
it was appropriate to file notice of appeal. Appointed appellate counsel has provided an affidavit
stating that he erroneously believed that a motion for new trial had been filed in this case, and that
his notice of appeal was therefore timely filed. Applicant's appeal was dismissed for want of
jurisdiction, because the notice of appeal was untimely. 

 The trial court has determined that appellate counsel failed to file a timely notice of appeal. 
We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment
of conviction in Cause No. D-1-DC-10-904077-B from the 299th Judicial District Court of Travis
County. Applicant is ordered returned to that time at which he may give a written notice of appeal
so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the
issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant
is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an
attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence
had been imposed on the date on which the mandate of this Court issues. We hold that, should
Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of
appeal in the trial court within 30 days after the mandate of this Court issues.


Delivered: January 11, 2012

Do Not Publish